Date signed June 20, 2007



_____
PAUL MANNES
U. S. BANKRUPTCY JUDGE

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| In Re: | Case No. 07-12373PM |
|---|---|
| **Harley L Morgan, Jr.,** | Chapter 13 |
| **Debtor.** | |

### MEMORANDUM OF DECISION

    The Chapter 13 Trustee filed an Objection to Exemptions asserting that the debtor testified at the Meeting of Creditors that he moved to Maryland in March 2006, previously residing in the District of Columbia.

    Section 11 U.S.C. § 522(b)(3)(A) provides:

> [S]ubject to subsections (o) and (p), any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable on the date of the filing of the petition at the place in which the debtor's domicile has been located for the 730 days immediately preceding the date of the filing of the petition or if the debtor's domicile has not been located at a single State for such 730-day period, the place in which the debtor's domicile was located for 180 days immediately preceding the 730-day period or for a longer portion of such 180-day period than in any other place[.]

As the debtor has resided in Maryland for less than 730 days, Maryland exemptions are unavailable, leaving available to the debtor the Federal exemptions as set forth in 11 U.S.C. § 522(d) or the exemptions provided under the laws of the District of Columbia. See D.C. Code Ann. § 15-501.

    The debtor's Schedule C claimed as exempt under Maryland law the following:

    (1) Real Property located in Bryans Road, Maryland, valued at $585,000.00, with a claimed exemption of $6,000.00.

    (2) Checking account valued at $5.00 with a claimed exemption of $5.00.

    (3) Utilities' security deposits valued at $1,500.00, with a claimed exemption of $495.00.

      (4)  Various household personal property valued at $500.00, with a claimed exemption of $500.00.

      (5)  Clothing valued at $500.00, with a claimed exemption of $500.00.

      (6)  An automobile valued at $11,000.00, with a claimed exemption of $1.00.

Without consideration of the District of Columbia's exemption laws, a non-opt out jurisdiction, use of the Federal exemptions provide the debtor with more than had he been limited to the exemptions provided under Maryland law.  For example, 11 U.S.C. § 522(d)(1) provides the debtor with an exemption not to exceed $18,450 in value in real property used as a residence. Section 522(d)(2) adds another $2,950 in value in one motor vehicle.  Ironically, the debtor benefits considerably from the residency restriction that is the basis for the Chapter 13 Trustee's objection.

      An appropriate order will be entered.

cc:    Nancy L. Spencer Grigsby  
       P.O. Box 958  
       Bowie, MD 20718

       Harley L Morgan, Jr. aka Harley Lawrence Morgan  
       6826 Lantana Drive  
       Bryans Road, MD 20616

       Kasey L. Edwards  
       8201 Corporate Drive  
       Metro-Plex II, Suite 1140  
       Landover, MD 20785

**End of Memorandum of Decision**